UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUDMYLA SKORYCHENKO,
    Plaintiff,

v.                                              Case No. 09-C-0109

THE WOMEN'S COMMUNITY, et al.,
    Defendants.

## DECISION AND ORDER

Plaintiff Ludmyla Skorychenko, proceeding pro se, has filed this action against numerous defendants, including two Wisconsin judges. Before the court are plaintiff's motion to proceed in forma pauperis and her motion to appoint counsel. In this order, I address plaintiff's motions and also screen plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

**A.    In Forma Pauperis.**

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Under § 1915, an indigent party may commence a federal court action without prepaying required costs and fees upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence, and after reviewing her affidavit, I find that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Thus, I will permit plaintiff to proceed without prepayment of fees.

**B.    Screening.**

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court is obliged to

give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff alleges that she is from the Ukraine, moved to the United States in 2004, and married a United States citizen. In 2005, plaintiff's husband abused her and she moved into a shelter run by defendant The Women's Community. At some point, plaintiff had a dispute with The Women's Community and two attorneys that represented her in her divorce action, defendants John M. Schellpfeffer and Andrew W. Smith, and she filed a lawsuit against them in Wisconsin state court. That suit was removed to the United States District Court for the Western District of Wisconsin. The federal court entered summary judgment in favor of defendants on plaintiff's federal claim (a discrimination claim) and remanded her state claims (breach of contract and emotional distress claims) to state court. Back in state court, Judges Greg Huber and Ann Knox-Bauer (both of whom are defendants in the present case) made several rulings with which plaintiff disagrees, including an order by Judge Knox-Bauer on January 2, 2009, entering final judgment in favor of defendants.

Plaintiff further alleges that during the state-court litigation, The Women's Community and its attorney, defendant Robin S. Jacobs, committed perjury. She also alleges that in the same litigation defendants Schellpfeffer and Schmidt and their attorney, defendant Edward A. Hannan, committed perjury.

Finally, plaintiff alleges that in August 2008 defendant Diane L. Senholz, the clerk of circuit court for Marathon County, ordered two police officers to remove plaintiff from the courthouse as she tried to file an appeal. (Plaintiff does not identify the order or orders she was trying to appeal. It could not have been the final judgment dismissing her case,

3

Case 2:09-cv-00109-LA   Filed 02/09/09   Page 3 of 8   Document 4

give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff alleges that she is from the Ukraine, moved to the United States in 2004, and married a United States citizen. In 2005, plaintiff's husband abused her and she moved into a shelter run by defendant The Women's Community. At some point, plaintiff had a dispute with The Women's Community and two attorneys that represented her in her divorce action, defendants John M. Schellpfeffer and Andrew W. Smith, and she filed a lawsuit against them in Wisconsin state court. That suit was removed to the United States District Court for the Western District of Wisconsin. The federal court entered summary judgment in favor of defendants on plaintiff's federal claim (a discrimination claim) and remanded her state claims (breach of contract and emotional distress claims) to state court. Back in state court, Judges Greg Huber and Ann Knox-Bauer (both of whom are defendants in the present case) made several rulings with which plaintiff disagrees, including an order by Judge Knox-Bauer on January 2, 2009, entering final judgment in favor of defendants.

Plaintiff further alleges that during the state-court litigation, The Women's Community and its attorney, defendant Robin S. Jacobs, committed perjury. She also alleges that in the same litigation defendants Schellpfeffer and Schmidt and their attorney, defendant Edward A. Hannan, committed perjury.

Finally, plaintiff alleges that in August 2008 defendant Diane L. Senholz, the clerk of circuit court for Marathon County, ordered two police officers to remove plaintiff from the courthouse as she tried to file an appeal. (Plaintiff does not identify the order or orders she was trying to appeal. It could not have been the final judgment dismissing her case,

because such judgment was not entered until January 2, 2009.)  Plaintiff further alleges that Senholz refused to send plaintiff copies of certain court orders, and that as a result, plaintiff lost the ability to "object" to those orders.  (Compl. ¶ 30.)

In screening plaintiff's complaint, I first consider whether I have subject matter jurisdiction.  <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.").  Initially, I note that jurisdiction cannot be founded on diversity jurisdiction, 28 U.S.C. § 1332, because the parties are not diverse.  Plaintiff has alleged that she is a Wisconsin resident and that all defendants are Wisconsin residents (and thus, presumably, Wisconsin citizens).  Although plaintiff is not herself a citizen of the United States, she has permanent resident alien status and therefore is deemed a citizen of Wisconsin.  <u>See</u> 28 U.S.C. § 1332(a).  Accordingly, plaintiff has not alleged facts sufficient to invoke diversity jurisdiction.

Plaintiff has, however, alleged a federal claim against Diane L. Senholz, the clerk of circuit court for Marathon County.  As noted, plaintiff alleges that Senholz physically prevented her from filing an appeal and did not provide her with copies of certain court orders, with the result that plaintiff lost her ability to "object" to those orders.  (Compl. ¶ 30.)  Although plaintiff's allegations against Senholz are not precise, I find that they are sufficient to state a claim under 42 U.S.C. § 1983 that defendant Senholz denied plaintiff access to the courts.  <u>See</u> <u>Christopher v. Harbury</u>, 536 U.S. 403, 413-18 (2002); <u>Pratt v. Tarr</u>, 464 F.3d 730, 731-33 (7th Cir. 2006).  Should defendant Senholz need more detail about this claim in order to file an answer or other response to the complaint, she can either serve

4

contention interrogatories on plaintiff or file a motion for a more definite statement. See Pratt, 464 F.3d at 733.

Having stated a federal claim against Senholz, plaintiff has alleged enough to invoke federal-question jurisdiction. 28 U.S.C. § 1331. However, it remains to be determined whether plaintiff has any viable claims against the other defendants. For the reasons stated below, I conclude that she does not.

All of plaintiff's claims against the remaining defendants involve their conduct during the state-court litigation. She alleges that the defendants in the state-court litigation and their attorneys committed perjury, which resulted in adverse rulings. She also alleges that the state-court judges did not properly handle her case, which resulted in adverse rulings. As a remedy for this conduct, plaintiff requests that I reverse the state court's orders and award damages. (Compl. § IV.) Plaintiff's allegations demonstrate that her remaining claims are barred by the Rooker-Feldman doctrine, which prevents federal courts from exercising subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, all of plaintiff's allegations relate to injuries that she suffered during the state-court litigation as a result of adverse rulings made by the state court before plaintiff filed the present action. As relief, plaintiff asks that I review and reject the state-court orders and award her damages for the injuries caused by such orders. Thus, plaintiff's claims fall squarely within Rooker-Feldman and will be dismissed for lack of subject matter jurisdiction.

5

I also note that plaintiff's claims would not be viable even if they were not barred by Rooker-Feldman. Any state or federal claims against the state-court judges would be barred by judicial immunity. See, e.g., Dawson v. Newman, 419 F.3d 656, 660-61 (7th Cir. 2005); Evans v. Luebke, 267 Wis. 2d 596, 609 n.5 (Ct. App. 2003). Plaintiff's perjury allegations do not state a federal claim because there is no federal cause of action that would provide a remedy for isolated acts of perjury committed by private parties and their attorneys during state-court litigation. Further, plaintiff has no claim under Wisconsin law because under such law "acts of perjury may not form the basis of a civil action for damages." Radue v. Dill, 74 Wis. 2d 239, 241 (Ct. App. 1976).

**C.     Motion to Appoint Counsel.**

When confronted by a request for counsel by a pro se litigant such as plaintiff, the court must make two inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it herself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, plaintiff has not shown that she has made a reasonable attempt to obtain counsel on her own, and therefore her current motion will be denied without prejudice. If in the future plaintiff demonstrates that she has made a reasonable attempt to obtain counsel, I will reconsider her request. I will consider plaintiff to have made a "reasonable attempt" to secure counsel if she asks at least three attorneys who handle civil rights cases to represent her but all decline to do so.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants The Women's Community, John M. Schellpfeffer, Andrew W. Schmidt, Robin S. Jacobs, Edward A. Hannan, The Honorable Ann Knox-Bauer, and The Honorable Greg Huber are **DISMISSED** for lack of subject matter jurisdiction.

**FINALLY, IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendant Diane L. Semholz. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff is hereby advised that she must provide defendant Semholz or her counsel with copies of all future motions or papers that she files in this action.

Dated at Milwaukee, Wisconsin this 9 day of February, 2009.

/s_____
LYNN ADELMAN
District Judge